# In the United States District Court for the Southern District of Georgia Waycross Division

CHRISTOPHER WELLS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

5:21-cv-51
5:17-cr-12

## ORDER

The Magistrate Judge issued a Report and Recommendation for the Court to dismiss as untimely filed Movant Christopher Wells's ("Wells") 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his Sentence. Dkt. No. 46. The Magistrate Judge also denied as moot Wells's Motions for First Step Act Credits and for Status and denied Wells's Motions to Reveal, for Evidentiary Hearing, to Have a Rule 48 Master, and two Motions to Appoint Counsel. Wells has filed timely dated Objections to this Report and Recommendation and Order, dkt. no. 59, though the Court did not receive them until after judgment was entered.[1] Dkt. No. 56. Wells also seeks to amend his § 2255 Motion. Dkt. No. 59.

---

[1] Wells submitted for filing a document he entitled a "Motion," which, of course, was docketed as a motion. Dkt. No. 60. Wells does not appear to request any action by the Court in this filing, and this filing should be terminated upon the record and docket of this case.

I.  **Appeal of the Magistrate Judge's Orders**

A district judge must consider a party's objections to a magistrate judge's order on a pretrial matter.  See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  However, the district judge may modify or set aside that order, and reconsider the pretrial matter, only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a).

Wells simply states I would be in a better position to rule on the motions he filed than the Magistrate Judge was, as the Magistrate Judge "cannot enter final orders" on Wells's Motions. Dkt. No. 59 at 3.  Wells does not argue that the Magistrate Judge's Order is clearly erroneous or contrary to law, and, to the extent that is implied in his filing, the argument would be unsupported and conclusory.  Moreover, the Magistrate Judge is authorized to rule on any non-dispositive motions a party may file.  28 U.S.C. § 636(a), (b).  Thus, I **DENY** Wells's appeal of the Magistrate Judge's Order on the non-dispositive Motions Wells filed.

II. **Motion to Amend**

Wells seeks to amend his § 2255 Motion by raising four more ineffective assistance of counsel claims and a claim this Court abused its discretion in failing to ensure Wells was in court during the hearing on counsel's psychiatric examination motion. Id. at 8-18.

The Magistrate Judge thoroughly analyzed Wells's original ineffective assistance claims and explained why those claims were without merit or otherwise barred. Dkt. No. 46 at 8-28. Although Wells now seeks to bring additional ineffective assistance of counsel claims via this Motion, he did not present the factual bases of these new claims before the Magistrate Judge. Wells also seeks to assert an abuse of discretion claim, but he did not present that claim previously.

While courts have discretion to consider novel evidence, factual claims, and legal arguments raised for the first time in objections to a report and recommendation, courts are under no obligation to do so. Patrick v. Warden, 828 F. App'x 518, 519 (11th Cir. 2020) (finding district judge has broad discretion in considering argument not presented to magistrate judge) (citing Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009)). The Court chooses not to consider Wells's new claims because Wells had more than enough time to amend his § 2255 Motion and, in fact, did amend and supplement his Motion. Dkt. Nos. 3, 7. Even if the Court were to consider the grounds Wells seeks to present through his desired amendment, his claims would fail because they are without merit and are otherwise contradicted by the record or barred. Accordingly, I **DENY** Wells's Motion.

### III. Wells's Objections to the Report and Recommendation

In his Objections, Wells states the Government did not submit an affidavit from any of his Court-appointed attorneys to rebut Wells's claim.  Dkt. No. 59 at 2.  The Government did not need to submit an affidavit from any of Wells's attorneys, as the record is replete with evidence rebutting Wells's assertions or showing Wells's assertions are barred.  The Magistrate Judge thoroughly reviewed the record before the Court in analyzing Wells's § 2255 Motion and the Government's Motion to Dismiss.  Dkt. No. 46.  Wells's Objections are without merit.  Thus, after an independent and de novo review, I **OVERRULE** Wells's Objections.  The Court's August 15, 2024 Order remains the Order of the Court, and this case remains **CLOSED**.  Dkt. Nos. 55, 56.

**SO ORDERED**, this 25 day of October, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4